IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN T. WALKER, **Plaintiff** | : : : |
| v. | :     CIVIL ACTION NO. 20-CV-4460 : |
| GEORGE LITTLE, *et al.*, **Defendants** | : : |

### ORDER

AND NOW, this 24th day of February, 2022, upon consideration of Shawn T. Walker's Motion to Proceed *In Forma Pauperis* (ECF No. 14), Prisoner Trust Fund Account Statement (ECF No. 15), *pro se* Complaint (ECF No. 1), and Motion for a Case Management Conference (ECF No. 18), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Shawn T. Walker, #BU-0744, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of State Correctional Institution – Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Walker's inmate account; or (b) the average monthly balance in Mr. Walker's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Walker's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court

equaling 20% of the preceding month's income credited to Mr. Walker's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of State Correctional Institution – Phoenix.

4. The Complaint is **DEEMED** filed.

5. Counts II, III, and IV of Mr. Walker's Complaint are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for the reasons set forth in the Court's Memorandum. Count I of Mr. Walker's Complaint alleging a First Amendment freedom of speech claim brought pursuant to 42 U.S.C. § 1983 will proceed to service.

6. The Clerk of Court is specially appointed to serve written waiver requests on the defendants, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service. The waiver of service requests shall be accompanied by a copy of the Complaint and shall inform the defendants of the consequences of compliance and failure to comply with the requests. The requests shall allow the defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers. If a signed waiver is not returned within the time limit given, the Clerk of Court shall issue summonses and transmit the summonses and a copy of the Complaint to the U.S. Marshals Service for immediate service.

7. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The

certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
> (Signature)"

8. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Mr. Walker is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

9. Mr. Walker is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Mr. Walker is directed to attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

10. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court for filing on the docket.

11. In the event a summons is returned unexecuted, it is Mr. Walker's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the defendant's correct address, so service can be made.

12. The parties must notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

13. Mr. Walker's Motion for a Case Management Conference (ECF No. 18) is **DENIED WITHOUT PREJUDICE.**

14. The Clerk of Court is **DIRECTED** to substitute George Little, acting Secretary of the Pennsylvania Department of Corrections, for Defendant John E. Wetzel in accordance with Federal Rule of Civil Procedure 25(d).

BY THE COURT:

_____
GENE E.K. PRATTER, J.