# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Shawn T. Walker, | : | |
| Plaintiff, | : | Honorable Gene E.K. Pratter |
| | : | |
| v. | : | No. 20-CV-4460 |
| | : | |
| John E. Wetzel, et al., | : | |
| Defendants | : | |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

### Statement of the Case

Plaintiff, Shawn T. Walker (#BU0744), is an inmate at the State Correctional Institute at Phoenix (SCI-Phoenix). On September 10, 2020, Plaintiff filed a complaint with this Court stating that the Department's previous policy regarding the copying of legal mail violated his constitutional rights because on several occasions he was given a copy of his legal mail while Defendants maintained an original, and other occasions he did not even receive the copies because he declined to sign for them. (Doc. 1). On February 24, 2022, the Court reviewed the complaint under its screening authority, and dismissed all claims except Plaintiff's First Amendment free speech claims seeking nominal and compensatory damages. (Doc. 19). On September 16, 2022, Plaintiff properly served all Defendants in this case. Defendants are George Little (Secretary of the

Pennsylvania Department of Corrections), twelve (12) named employees at SCI-Phoenix, and John/Jane Does.

## Statement of Question Presented

I. Should Plaintiff's claims against all named Defendants be dismissed because he failed to properly exhaust his administrative remedies?

Suggested Answer: Yes.

## Argument

**I.  Plaintiff's claims against all Defendants should be dismissed because he failed to properly exhaust his administrative remedies.**

To "reduce the quantity and improve the quality of prisoner suits," Congress enacted the Prison Litigation Reform Act ("PLRA"), 42 USC § 1997e *et seq*. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The PLRA mandates that a prisoner may not bring a lawsuit related to "prison conditions" pursuant to 42 USC § 1983 or any other provision of federal law unless the prisoner has exhausted "such administrative remedies as are available." 42 USC § 1997e(a). The exhaustion requirement of § 1997e(a) "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter*, 534 U.S. at 520.

Here, Plaintiff is a prisoner and the instant case is "prison conditions" litigation within the meaning of the PLRA because it concerns an incident that occurred during Plaintiff's ongoing incarceration. Plaintiff's claims arise under

federal law. Therefore, Plaintiff's claims are subject to the exhaustion requirement of the PLRA.

Exhaustion of all available administrative remedies is a mandatory prerequisite to filing prison conditions litigation in federal court. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *see also Jones v. Bock*, 127 S.Ct. 910, 923 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

For a prisoner to exhaust his administrative remedies, he must follow the administrative rules and procedures applicable to such remedies—in other words, he must *properly* exhaust those remedies. *Woodford*, 548 U.S. at 93.

As summarized by the Supreme Court, the purpose of the PLRA's exhaustion requirement is to: "eliminate unwarranted federal-court interference with the administration of prisons, and thus…to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. The PLRA also was intended to reduce the quantity and improve the quality of prisoner suits." *Id*. at 93-94 (footnote, internal brackets, citations, and

quotation marks omitted). Full and proper exhaustion is therefore of vital importance because:

> [i]t gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors.
>
> Proper exhaustion reduces the quantity of prisoner suits because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court. Finally, proper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.

*Id*. at 94-95 (footnote omitted); *see also Nyhuis*, 204 F.3d at 75-76 (discussing congressional intent behind the exhaustion requirement and explaining the benefits of exhaustion).

Recently, the United States Supreme Court reiterated the exhaustion requirement. *Ross v. Blake*, 136 S.Ct. 1850 (2016). In *Ross*, the Court rejected a special circumstances exception created by the courts. *Id*. The Court noted that "a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id*. at 1857. The

only issue is whether an administrative remedy was available. *Id*. The Court stated "available" means capable of use to obtain some relief for the action that is the subject of the complaint. *Id*. Finally, when an administrative process is susceptible of multiple interpretations, an inmate should err on the side of exhaustion. *Id*.

All the prison's procedures pertaining to grievances must be followed properly for the administrative remedies to be exhausted. *Woodford*, 548 U.S. at 93-94. To determine if a prisoner has properly exhausted, courts should look to the prison's grievance procedures because they supply the yardstick for measuring if a prisoner has properly exhausted. *Spruill*, 372 F.3d at 231. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (holding that while PLRA does not require the naming of all defendants in the administrative grievance, the Michigan state prison policy could have done so and did not).

Incidentally, case law recognizes a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." *Davis v. Warman*, 49 F. App'x 365, 368 (3rd Cir. 2002). Thus, an inmate's failure to exhaust will only be excused "under certain limited circumstances." *Harris v.*

5

*Armstrong*, 149 F. App'x 58, 59 (3rd Cir. 2005).  In *Ross*, the Court articulated three circumstances where a prison's administrative procedures are "unavailable" to inmates.  Specifically, the Court noted that administrative remedies are not available where: 1) the administrative procedure operates "as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" 2) the administrative scheme is "so opaque that it become, practically speaking, incapable of use;" and 3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Ross*, 136 S. Ct. at 1859-1860 (citing *Booth v. Churner*, 532 U.S. 731, 738, 741 n6 (2001)). [1]

A Pennsylvania inmate's administrative remedies include the inmate grievance system outlined in the DC-ADM 804.  *Spruill v. Gillis*, 372 F.3d 218, 232 (3rd Cir. 2004).  The grievance process begins with a grievance filed with the facility's grievance coordinator (Step 1), followed by an internal appeal to the Superintendent (Step 2), and ends with final review (Step 3) provided by the Secretary's Office of Inmate Grievance Appeals ("SOIGA").  (Statement of Material Facts ("SMF") at ¶¶ 6-9; *Appendix* at A; Appendix at B).

---

[1] To the extent there is a factual dispute regarding exhaustion of administrative remedies, pursuant to *Small v. Camden County*, 728 F.3d 265, 270 (3rd Cir. 2013), judges may resolve factual disputes relevant to the exhaustion issue under the PLRA.

The DC-ADM 804 in effect at the time of this litigation states under Section 1 ("Grivances & Initial Review"), Subsection A ("Filing of an Initial Grievance"), Subsection 11(d): "If the inmate desires compensation or other legal relief normally available from a court, the inmate must request the specific relief sought in his/her initial grievance." (SMF at ¶ 11; Appendix A; Appendix B at ¶15).

While not binding on this Court, ample persuasive authority exists to conclude that failure to ask for a specific monetary amount as required by administrative policy results in procedural default. "Specifically, where prison policy requires an inmate who seeks monetary compensation to request that relief in the inmate's initial grievance, failure to do so will bar claims from monetary compensation in federal court." *Camacho v. Beers*, No. CV 16-1644, 2018 WL 6618410, at 2 (W.D. Pa. Dec. 18, 2018); *Wright v. Sauers*, 2017 WL 3731957, at 7 (W.D. Pa. Aug. 30, 2017), *affirmed* at *Wright v. Sauers*, 729 Fed. App'x 225, 227 (3rd Cir. 2018)(finding procedural default where plaintiff failed to set forth desired monetary relief on his initial grievance form as required by DC-ADM 804); *Mobley v. Snyder*, 2015 WL 5123909, at 9 (M.D. Pa. Sept. 1, 2015)(holding that "because Mobley did not specifically request monetary damages in his initial grievance, as required by the version on DC-ADM 804 in effect at the relevant time, [he] procedurally defaulted his claims for monetary damages"); *Sanders v. Beard*, 2013 WL 1703582, at 6-7 (M.D. Pa. Apr 19, 2013)(dismissing claims for

7

monetary damages brought by plaintiffs who did not request monetary damages in their initial grievances as required by DC-ADM 804).

Plaintiff filed twenty-two (22) grievances pertaining to legal mail during the time frames listed by Plaintiff in the instant litigation and against the named Defendants. (SMF at ¶ 13; Appendix B at ¶15; Appendix C-X). None of the 22 grievances sought monetary damages as required by Department policy DC-ADM 804. (SMF at ¶ 15; Appendix A; Appendix B at ¶16; Appendix C-X). In fact, the grievances did not request any type of damages or relief at all. (Appendix C-X). Plaintiff's failure to request specific monetary damages as required by DOC policy amounts to a procedural default and lack of exhaustion. Therefore, Plaintiff cannot now seek compensatory or nominal damages in this litigation.

Additionally, the grievance process was clearly available to Plaintiff because he filed several grievances on the issues in this litigation—he just did not follow the procedures required by the Department for proper exhaustion. Because Plaintiff failed to properly exhaust his administrative remedies, this lawsuit should be dismissed with prejudice.

## **Conclusion**

For the foregoing reasons, it is respectfully requested that this Court grant the motion to dismiss or in the alternative motion for summary judgment in this case.

Respectfully submitted,

By: /s/ Abby N. Trovinger
Abby N. Trovinger, Assistant Counsel
Attorney ID No. PA308329
PA Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

Dated: October 6, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| Shawn T. Walker, | : | | |
| Plaintiff, | : | Honorable Gene E.K. Pratter | |
| | : | | |
| v. | : | No. 20-CV-4460 | |
| | : | | |
| John E. Wetzel, et al., | : | | |
| Defendants | : | | |

### CERTIFICATE OF SERVICE

I hereby certify that this brief in support was served on the following person via first-class mail:

Smart Communications/ PADOC
Shawn T. Walker/ #BU0744
SCI-Phoenix
PO Box 33028
St. Petersburg, FL 33733

By: /s/ Abby N. Trovinger
Abby N. Trovinger
Assistant Counsel
Attorney I.D. No. PA 308329
PA Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
Dated: October 6, 2022        Email: atrovinger@pa.gov