IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN T. WALKER,<br>*Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| JOHN E. WETZEL, et al.,<br>*Defendants* | : : : | No. 20-4460 |

## MEMORANDUM

PRATTER, J.                                                                                                           DECEMBER 12, 2022

Shawn T. Walker, an inmate at SCI-Phoenix, filed a complaint seeking money damages and alleging that his constitutional rights were violated when prison officials opened his legal mail outside his presence and provided him with photocopies, rather than the originals. Before a prisoner may bring such a lawsuit, however, the Prison Litigation Reform Act requires that they first properly exhaust the administrative remedies provided by the prison. Here, that meant stating the specific relief sought—*i.e.* money damages—in Mr. Walker's initial grievances. Because Mr. Walker did not do so, he has not properly exhausted his administrative remedies. And because that failure cannot be excused under the circumstances, the Court will grant defendants' Motion to Dismiss and dismiss Mr. Walker's complaint.

### BACKGROUND

Mr. Walker alleges that "[b]etween September 1, 2018 and September 30, 2019, properly marked legal mail from courts and attorneys was mailed to SCI-Phoenix" and addressed to him, but that pursuant to a now-discontinued policy implemented by the Pennsylvania Department of Corrections (DOC), prison officials "illegally seize[d]" his mail. Compl. ¶¶21-22, Doc. No. 1. He alleges numerous instances in which prison officials "refused to give Mr. Walker his legal mail"

1

and instead "gave Mr. Walker photocopies of the enclosed documents" or refused to provide Mr. Walker with his legal mail when he refused to sign for the photocopies. *Id.* ¶¶ 23-50.

Prior to bringing the present lawsuit, Mr. Walker filed 22 grievances with the prison pursuant to the grievance process outlined in DC-ADM 804. Doc. No. 31, Appendix C-X. None of these grievances included a request for monetary damages.

## LEGAL STANDARD

Defendants style their motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a motion for summary judgment under Rule 56. Exhaustion of administrative remedies, however, is properly addressed in a motion to dismiss. *See Small v. Camden Cty.*, 728 F.3d 265, 271 n.5 (3d Cir. 2013) ("[E]xhaustion determinations [should] be made before discovery, or with only limited discovery.") The Court will therefore construe defendants' motion as one to dismiss.

To survive a motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While a court should accept a complaint's factual allegations, mere "bald assertions" or "legal conclusions" are insufficient. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Failure to exhaust is an affirmative defense the defendant must plead and prove, not a pleading requirement for the plaintiff. *Jones v. Bock*, 549 U.S. 199, 212, 216–17 (2007). The defendant must prove that the plaintiff failed to exhaust each of his claims. *Id.* at 220–24.

## ANALYSIS

The Prison Litigation Reform Act (PLRA) requires that no "action shall be brought with respect to prison conditions under section 1983 [by a prisoner] until such administrative remedies

as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). The PLRA requires that remedies be exhausted properly—that is, prisoners must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88, 90–91 (2006). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Bock*, 549 U.S. at 218.

At all relevant times, the procedural rules for grievances were laid out in a policy statement, DC-ADM 804. Section 1(A)(11)(d) of that policy states that "[i]f the inmate desires compensation or other legal relief normally available from a court, the inmate must request the specific relief sought in his/her initial grievance." Doc. No. 31, Appendix A. Failure to request monetary relief thus results in procedural default. *See, e.g., Wright v. Sauers*, No. 13-cv-358, 2017 WL 3731957, at *7 (W.D. Pa. Aug 30, 2017), *affirmed* 729 F. App'x 225, 227 (3d Cir. 2018).

Mr. Walker does not contest that his 22 grievances did not request specific monetary relief, nor that failing to comply with the relevant policy would constitute default. Rather, he argues that the relevant policy is not DC-ADM 804, but rather the 2017 Inmate Handbook given to him by prison officials which does not contain DC-ADM 804's requirement that a prisoner request monetary relief in an initial grievance. He also argues that the 2017 Handbook does not alert inmates to the existence of additional grievance procedures or requirements.

The record, however, does not support Mr. Walker's argument. The 2017 Inmate Handbook—which Mr. Walker states he received—refers to DC-ADM 804 next to the heading for the Inmate Grievance System. *See* Pennsylvania Department of Corrections Inmate Handbook

3

(2017 ed.) at 9.[1] Moreover, each of the 22 grievance forms that Mr. Walker filled out contained a set of instructions, the first of which directs inmates to "[r]efer to the DC-ADM 804 for procedures on the inmate grievance system." Doc. 31, Appendix C-X. Simply put, Mr. Walker cannot argue that he was not on notice as to the existence of DC-ADM 804's grievance procedures or that the procedures governed his administrative remedies.

Nor does Mr. Walker set forth a basis on which the Court might excuse his procedural default. An inmate's failure to properly exhaust may be excused where administrative remedies are "unavailable." *Ross v. Blake*, 578 U.S. 632, 642 (2016). Remedies are unavailable where (1) the administrative procedure operates "as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use;" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643–44 (internal citations omitted). Mr. Walker has not alleged that prison officials prevented him from reviewing the DC-ADM 804 procedures or otherwise thwarted his efforts at obtaining administrative relief. Accordingly, his procedural default is not excusable.

---

[1] Mr. Walker's brief includes a copy of the Handbook as an exhibit which omits the relevant page. The Court takes judicial notice of the 2017 edition of the Handbook, which is publicly available at https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/2017%20DOC%20Inmate%20Handbook.pdf.

4

## CONCLUSION

Because Mr. Walker failed to properly exhaust his administrative remedies, the PLRA bars his suit. The Court will therefore grant defendants' Motion to Dismiss and dismiss Mr. Walker's complaint. An appropriate order follows.

BY THE COURT:

*[signature]*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE